IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROY BRUNE ONE STAR, # 11156-073,

          Petitioner,

    vs.                    Case No. 13-cv-1030-DRH

J.S. WALTON,

          Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction.  The petition was filed on October 3, 2013.

Petitioner was convicted by a jury in 2005 in the District of South Dakota of six counts of aggravated criminal sexual abuse of a child and one count of assault, in violation of 18 U.S.C. § 2241(c) and § 113(a)(5), respectively.  The offenses occurred on the Rosebud Indian Reservation.  He was sentenced to life in prison on each of the sexual abuse offenses and one year on the assault charge, with all sentences to run concurrently.  *United States v. One Star*, Case No. 04-cr-30070 (D.S.D. April 11, 2005, Doc. 75).  His conviction was affirmed on direct appeal,

where he raised issues of prosecutorial misconduct (eliciting testimony on petitioner's choice to remain silent after he was in custody) and sufficiency of the evidence. *United States v. One Star*, 465 F.3d 828 (8th Cir. 2006).

On January 23, 2008, petitioner filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 97 in criminal case). In that motion, he argued that his trial counsel had been ineffective because he knew that petitioner was mentally incompetent, he prevented petitioner from testifying at trial, and he failed to force or advise petitioner to accept a ten-year plea offer (Doc. 98 in criminal case). The trial court denied relief on August 25, 2008 (Docs. 112, 114 in criminal case). Petitioner's appeal of the § 2255 dismissal was unsuccessful. The Eighth Circuit denied his petition to file a successive § 2255 motion on June 8, 2010 (Doc. 136 in criminal case).

**The Petition**

In the instant § 2241 case, petitioner again seeks to challenge his conviction based on alleged ineffective assistance of counsel. The incidents of alleged ineffectiveness include:  failing to have the court review or make available for use at trial an exculpatory video interview of the victim; failing to challenge the indictment and prosecution as vindictive and in retaliation for petitioner's civil claim for damages from an auto accident against the Department of Social Services (the agency that investigated the abuse); failing to object to the child abuse investigator's testimony on the basis that the child was coached; and failing

to obtain expert testimony on the coercive interview techniques allegedly used by the child abuse investigators and the FBI investigators (Doc. 1, pp. 6-26).

Petitioner asserts that § 2255 is inadequate or ineffective to allow him to bring a *Bailey* claim, which he characterizes as a statutory challenge (Doc. 1, p. 4).  However, he does not give any further citation to the *Bailey* case, nor any explanation of what he labels a *Bailey* claim.  Petitioner acknowledges that he did not raise his particular ineffective assistance claims in any earlier proceeding, but states that he could not have done so because those claims were squarely foreclosed by circuit law at the time of the earlier proceedings (Doc. 1, p. 8).  He cites to *Cole v. Oravec*, 465 F. App'x 687 (9th Cir. 2012), as a case that now establishes his "actual innocence" (Doc. 1, pp. 8, 17, 27).  He asserts that pursuant to that case, he may now "bring claims against his FBI Indian Case Agent" via *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (Doc. 1, p. 27).  He then summarizes cases brought in other federal courts where plaintiffs sought damages from investigators after their criminal charges were dismissed. He asserts that but for the incompetence of counsel, he would have raised these issues during his trial and appeal (Doc. 1, p. 31).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Ordinarily a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).  Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).  Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime; instead, he argues that he should not have been convicted based on the evidence presented against him and the errors of counsel.

As noted above, all the grounds for relief argued herein by petitioner come under the umbrella of ineffective assistance of counsel.  He did not raise the particular claims brought here when he filed his § 2255 motion, but all the errors he discusses in this petition could have been raised in the original § 2255 proceeding.  Petitioner does not point to any precedent that barred him from bringing his claims in 2008, nor is the Court aware of any.  His assertion that *Cole v. Oravec*, 465 F. App'x 687 (9th Cir. 2012), now establishes that he was "convicted of a non-existent offense" is unavailing.

First, *Cole* is an unpublished, non-precedential decision, which is not binding on this Court or the court where petitioner was convicted.  Secondly, the *Cole* decision held that the representatives of the estates of two deceased Native American men could pursue *Bivens* equal protection claims against an FBI agent for failure to conduct an adequate investigation into the decedents' deaths.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  The *Cole* plaintiffs asserted that the FBI agent handled the investigation in a shoddy, discriminatory manner because the decedents were Native Americans.  *Cole* does not provide grounds for challenging a criminal conviction, either via § 2241 or § 2255.

A *Bivens* action such as *Cole* seeks civil relief (most often money damages) for the deprivation of a plaintiff's constitutional rights by a person acting under the color of federal authority.  A *Bivens* claim cannot be used to challenge a conviction or free a prisoner from custody.  *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (habeas petition is the proper route if a prisoner challenges the fact or duration of his conviction; other challenges must be brought under civil rights law); *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973) (writ of habeas corpus is used to completely free an inmate from unlawful custody).  If petitioner had brought a *Bivens* claim against the FBI agent whose investigation produced evidence that was used to convict him, *Cole* might have some relevance.[1]   However, if such an action were to imply the invalidity of the conviction, it would be barred by the doctrine of *Heck v. Humphrey*, 512 U.S.

---

[1] Nothing herein shall be construed as an opinion on the potential merits or viability of any *Bivens* claim petitioner may bring.

477, 486-87 (1994) (plaintiff cannot recover damages for an allegedly unconstitutional conviction or imprisonment unless the conviction or sentence has first been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).  Notably, the cases referred to by petitioner were brought by individuals whose criminal charges had been dismissed, unlike his own (Doc. 1, pp. 27-31; Doc. 1-16, pp. 7-8).  To summarize, the *Cole* case does not represent any change in the law that would permit petitioner to now challenge his conviction in a § 2241 action.

Petitioner seems to be relying on *Cole* to argue that the FBI used a lower evidentiary threshold to bring federal indictments against Native Americans, and based on that assertion, to claim that charges should never have been brought against him (Doc. 1-16, pp. 6-7).  He also seeks to impugn the evidence against him generated by the FBI's investigation.  All of these claims and arguments could have been brought in petitioner's appeal and/or his § 2255 motion.  Aside from any attacks on the quality of the investigation, adequate proof at trial is ultimately necessary for a conviction.   Petitioner had, and in fact took, the opportunity in his direct appeal to challenge the adequacy of proof in his case.  However, the appellate court found that the evidence was sufficient to sustain petitioner's conviction.

A § 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing his arguments in a § 2255 motion.  *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales*

*v. Bezy*, 499 F.3d 668 (7th Cir. 2007).  That is not the case here; petitioner could have raised any of his claims in his § 2255 motion.  Therefore, § 2255 does not prove to be an inadequate remedy for petitioner's current claims, and this action is subject to dismissal.

## **Disposition**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition.  *Davenport*, 147 F.3d 605 (7th Cir. 1998).  Accordingly, the petition is summarily **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: October 29, 2013**

David R. Herndon
2013.10.29
06:19:00 -05'00'

**Chief Judge**
**United States District Court**